TOLEDO BAR ASSOCIATION *v.* BRIDGEFORTH.

[Cite as Toledo Bar Assn. *v.* Bridgeforth (1990), 51 Ohio St. 3d 601.]

(No. D.D. 88-16—Submitted and decided April 11, 1990.)

By the order of this court dated November 30, 1988, Henry Clay Bridgeforth, Jr. was suspended from the practice of law for a period of one year pursuant to Gov. Bar R. V(7)(c), and such suspension was stayed contingent upon respondent's completing a one-year period of probation during which he would submit to relator's monitoring and observation of his compliance with several conditions of probation, to wit: that he (1) submit to a periodic chemical testing; (2) abstain from using cocaine and other illegal drugs; (3) attend self-help programs; (4) cooperate with relator; (5) adhere to the Code of Professional Responsibility; (6) return the entire fee paid by Gerald J. Gottschalk; and (7) pay the costs of the proceedings. See *Toledo Bar Assn.* v. *Bridgeforth* (1988), 40 Ohio St. 3d 2, 531 N.E. 2d 317.

On April 3, 1990, the Board of Commissioners on Grievances and Discipline filed its Final Report in this court in accordance with Gov. Bar R. V(23)(h), finding that the respondent has violated the terms of the Supreme Court order of probation and recommending that said probation should be revoked and the respondent be suspended from the practice of law for a period of one year.

On consideration thereof, and in accordance with Gov. Bar R. V(23)(i), it is ordered and adjudged that respondent's probation is revoked and the one-year suspension of respondent is reinstated pending final disposition of this matter by the court, with said suspension to be effective from the date of this entry.

IT IS FURTHER ORDERED that the respondent, Henry Clay Bridgeforth, Jr. cease and desist from the practice of law in any form and is hereby forbidden to appear on behalf of another before any court, judge, commission, board, administrative agency or other public authority.

IT IS FURTHER ORDERED that respondent is forbidden to counsel or advise others, or prepare legal instruments for others or in any manner perform such services.

IT IS FURTHER ORDERED that respondent is hereby divested of each, any and all of the rights, privileges and prerogatives customarily accorded to a member in good standing of the legal profession of Ohio.

IT IS FURTHER ORDERED that respondent surrender his certificate of admission to practice to the Clerk of this court forthwith and that his name be stricken from the roll of attorneys maintained by this court.

IT IS FURTHER ORDERED that on or before May 11, 1990, respondent shall:

1. Notify all clients being represented in pending matters and any co-counsel of his suspension and his consequent disqualification to act as an attorney after the effective date of this order and, in the absence of co-counsel, also notify the clients to seek legal service elsewhere, calling attention to any

urgency in seeking the substitution of another attorney in his place;

2. Regardless of any fees or expenses due respondent, deliver to all clients being represented in pending matters any papers or other property pertaining to the client, or notify the clients or co-counsel, if any, of a suitable time and place where the papers or other property may be obtained, calling attention to any urgency for obtaining such papers or other property;

3. Refund any part of any fees or expenses paid in advance that are unearned or not paid, and account for any trust money or property in the possession or control of respondent;

4. Notify opposing counsel in pending litigation or, in the absence of counsel, the adverse parties, of his disqualification to act as an attorney on and after the effective date of this order, and file a notice of disqualification of respondent with the court or agency before which the litigation is pending for inclusion in the respective file or files;

5. Send all notices required by this order by certified mail with a return address where communications may thereafter be directed to respondent;

6. File with the Clerk of this court and the Disciplinary Counsel of the Supreme Court an affidavit showing compliance with this order and proof of service of notices required herein, and setting forth the address where the affiant may receive communications; and

7. Retain and maintain a record of the various steps taken by respondent pursuant to this order.

IT IS FURTHER ORDERED that Henry Clay Bridgeforth, Jr. shall keep the Clerk and the Disciplinary Counsel advised of any change of address where respondent may receive communications.

IT IS FURTHER ORDERED that the Clerk of this court issue certified copies of this order as provided for in Gov. Bar R. V(22) and (23)(i).

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.